Estate of Cyborowski: Voss, Appellant, vs. Cyborowski, Respondent.

*October 11—November 8, 1955.*

For the appellant there was a brief by *Rice & Ramsey,* attorneys, and *Richard M. Rice* of counsel, all of Milwaukee, and oral argument by *Richard M. Rice.*

For the respondent there was a brief by *Affeldt & Lichtsinn,* attorneys, and *Eldred Dede* of counsel, all of Milwaukee, and oral argument by *Harold F. Lichtsinn.*

Martin, J. Dorota Cyborowski died on October 17, 1953, at the age of ninety years. She was survived by Celia Zautke, Frances Voss, and Roman Bronkala, children of a first marriage, and by another son, John Cyborowski, to whose father she had been married forty years before her death. Her estate consisted mainly of a homestead located at 539 Maple street in Milwaukee, which she had acquired from her second husband; it also included a small bank account, household goods, and personal effects.

In the will of January 25, 1952, decedent devised the homestead to her son John Cyborowski, bequeathed $25 each to St. Paul's Church and to St. Stanislaus Church, bequeathed certain items of personalty to a daughter and two grandchildren, and the residue of the estate in equal shares to her three children by the first marriage.

Appellant contends that the testatrix did not have sufficient mental capacity to make the will in question. Mr. Ralph H. Schultz, the scrivener, testified, that when he discussed the matter with the testatrix, her mind was clear, she seemed to know what she was doing and exactly what she wanted. Mr. Frederick Reidenbach, an attorney who testified that he witnessed the execution of the will, stated that she appeared to be mentally clear, that she responded intelligently in conversation with him, and that in his opinion she was competent to make a will.

There is no other evidence as to the testatrix's mental state on the day the will was made. She was then about eighty-seven years old. There is testimony that she had suffered a stroke several years before and that after that there were times when she did not remember her children. But there is no evidence of her mental capacity on January 25, 1952, other than that of Mr. Schultz and Mr. Reidenbach.

Mr. Schultz stated that he had prepared three wills for Mrs. Cyborowski prior to January 25, 1952. In all such previous wills she had given the homestead to John and in one way or another remembered the other three children, except in the will of 1951 from which she excluded the contestant here. Mrs. Voss was again included in the last will for the reason, as Mr. Schultz testified, that the testatrix felt the children by her first marriage should be treated equally. The pattern established by the prior wills, two of which were made before she suffered the stroke, was followed closely in the last will.

In *Will of Klagstad* (1953), 264 Wis. 269, 271, 58 N. W. (2d) 636, it was stated:

". . . the test of mental competency is whether the testator had sufficient active memory to comprehend, without prompting, the condition of his property, his relations to those who might be beneficiaries, and to hold these things in mind long enough to perceive their relations to each other and to be able to form some rational judgment in relation to them. *Estate of Boston,* 253 Wis. 8, 33 N. W. (2d) 257; *Estate of Kesich,* 244 Wis. 374, 12 N. W. (2d) 688. In the last case cited, it was declared (p. 383) : 'It is elementary that the question of competency is to be determined as of the time of the execution of the will.' "

Applying this test to the testatrix here, we must agree with the trial court that she was mentally competent to make the will in question; in fact, it would be necessary for this court to set aside a finding to the contrary.

Appellant places considerable reliance upon certain remarks made by the trial court in urging that the testatrix's children get together and divide the estate equally among them; that if they did not, "I will do what I think is the right thing to do with it." In our opinion, what the court did was the "right thing."

It is further contended that the will was not executed in the manner prescribed by law. To support the contention appellant calls attention to the testimony of Mrs. Zautke, decedent's daughter, who lived with her mother at the time. She stated that when Mr. Schultz came to the house to have the will executed he came alone and that he was the only witness to it. Mr. Schultz testified, however, that following his visit with Mrs. Cyborowski at which she indicated the changes she wished to make, he prepared the new will and returned for its execution with his associate, Mr. Reidenbach; that the will was signed by the testatrix in their presence and witnessed by Mr. Reidenbach and himself in her presence and

in the presence of each other. Such testimony supports the trial court's finding.

Appellant also presents the question whether the will was procured by undue influence, but counsel has made no argument on that issue either in the briefs or orally, and we assume that it has been abandoned.

We may say that although the questions raised by the appellant are questions of fact, counsel furnished no appendix containing the testimony, and in our consideration of the matter we have been obliged to refer to the appendix submitted by respondent. The evidence contained therein amply supports the findings of the trial court.

*By the Court.*—Judgment affirmed.